UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO.: _____

LUXOTTICA GROUP S.p.A., an
Italian corporation,

      Plaintiff,

v.

KRISH CORPORATION, KRISH 2 CORP.,
and KRISHNAKANT PATEL, individually,

      Defendants.
_____/

## COMPLAINT

Plaintiff, Luxottica Group S.p.A., through its undersigned counsel, sues Defendants Krish Corporation, Krish 2 Corp. and Krishnakant Patel (collectively, "Defendants"), and alleges:

## INTRODUCTION

1.    This lawsuit arises from the violation of the Luxottica Group's intellectual property rights by Defendants' promotion and sale of sunglasses bearing counterfeits of Luxottica Group's federally registered Ray-Ban trademarks (the "Counterfeit Merchandise").  Through this action, Luxottica Group seeks to address Defendants' counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a trademark claim arising under 15 U.S.C. § 1114 (the "Lanham Act").

3.     Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants maintain a principal place of business and continue to infringe Luxottica Group's trademarks in this Judicial District.

**PARTIES**

4.     Plaintiff, Luxottica Group S.p.A. ("Luxottica Group") is an Italian corporation with a principal place of business in Milan, Italy.

5.     Defendant, Krish Corporation ("Krish Corp.") is a Massachusetts corporation registered and authorized to do business in the Commonwealth of Massachusetts with a principal place of business located at 267 Quincy Avenue, Braintree, Massachusetts 02184. Defendant Krish Corp. operates a retail convenience and liquor store under the trade name "Red Apple Market". As alleged herein, Defendant Krish Corp. is directly engaging in the promotion and sale of Counterfeit Merchandise within this Judicial District.

6.     Defendant Krish 2 Corp. ("Krish 2") is a Massachusetts corporation registered and authorized to do business in the Commonwealth of Massachusetts with a principal place of business located at 238 Forest Ave., Brockton, Massachusetts 02301. Defendant Krish 2 operates a retail convenience and liquor store under the trade name "Red Apple Food Shop". As alleged herein, Defendant Krish 2 is directly engaging in the promotion and sale of Counterfeit Merchandise within this Judicial District.

7.      Defendant, Krishnakant Patel ("Patel") is an individual residing in Braintree, Massachusetts. Patel is the sole owner, shareholder, officer, director and manager of Defendants Krish Corp. and Krish 2 and the conscious moving force behind those entities' operations and infringing activities.

## FACTUAL ALLEGATIONS

**A.      The World-Famous Luxottica Brands and Products.**

8.      Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette, among others.

9.      Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

10.     Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Massachusetts.

11.     Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to those detailed in this Complaint.

12.     Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks (defined below). As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively

3

associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group and have acquired strong secondary meaning.

13. Luxottica Group is the owner of various trademarks under the Ray-Ban brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"), which are at issue in this lawsuit:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* (script logo) | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | *Ray-Ban* (script logo) | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 1,080,886 | RAY-BAN | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles in class 9. |
| 3,522,603 | *Ray-Ban* (script logo on red background) | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses in class 9. |
| 1,511,615 | LUXOTTICA ☆☆ | For: eyeglasses, sunglasses, temples and eyeglass frames in class 9. |

| 2,971,023 | ℛℬ | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |

14. Luxottica Group has long been manufacturing and selling eyewear in interstate commerce under the Ray-Ban Trademarks.[1] These registrations are valid and incontestable.

15. The registration of the Ray-Ban Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

16. The registration of the Ray-Ban Trademarks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

17. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.    Defendants' Infringing Activities.**

18. On December 29, 2025, Luxottica Group's investigator visited Defendant Krish Corp.'s "Red Apple Market" located at 267 Quincy Ave., Braintree, MA 02184. During that visit, the investigator discovered that Defendant Krish Corp. was advertising, publicly displaying, and offering approximately 1 dozen Ray-Ban branded sunglasses for sale.

19. Luxottica Group's investigator purchased one pair of Ray-Ban branded sunglasses for a total of $22.30. Photographs of the Ray-Ban branded sunglasses purchased on that day, along with the sales receipt, are depicted below:

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.









20. On January 16, 2026, Luxottica Group's investigator visited Defendant Krish 2's "Red Apple Food Shop" located at 238 Forest Ave., Brockton, MA 02301. During that visit, the investigator discovered that Defendant Krish 2 was also advertising, publicly displaying, and offering Ray-Ban branded sunglasses for sale.

21. Luxottica Group's investigator purchased one pair of Ray-Ban branded sunglasses for a total of $21.19. Photographs of the Ray-Ban branded sunglasses purchased on that day, along with the sales receipt, are depicted below:




7

22.     Luxottica Group subsequently inspected the Ray-Ban branded sunglasses purchased from Defendants on December 29 and January 16 and determined that the Ray-Ban Trademarks affixed to the sunglasses (including those sunglasses depicted on the display rack in photographs above) are either incorrect or inconsistent with the Ray-Ban Trademarks found on similar products bearing authentic Ray-Ban Trademarks.

23.     Luxottica Group also determined that the items offered for sale and purchased from Defendants infringed one or more of the Ray-Ban Trademarks and bore reproductions of marks that are identical with, or substantially indistinguishable from one or more of the Ray-Ban Trademarks.

24.     Luxottica Group did not manufacture or authorize any third party to manufacture any of the Ray-Ban branded products that were being offered for sale and sold by the Defendants as identified herein.

25.     Defendants have no license, authority, or other permission from Luxottica Group to use the Ray-Ban Trademarks in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Merchandise.

26.     Defendants have used Luxottica Group's Ray-Ban Trademarks without authorization and without compensation to Luxottica Group.

27.     The forgoing acts of the Defendants constitute direct trademark infringement and counterfeiting in violation of the Lanham Act.

28.     Defendant Patel was directly involved in approving the purchase and sale of the Counterfeit Merchandise on behalf of Krish Corp. and Krish 2, and therefore, he was a direct participant in the infringing activities alleged herein.

29. The forgoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale and sold by the Defendants are authentic or authorized products of Luxottica Group.

30. The activities of the Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

31. Defendants are aware of the extraordinary fame and strength of the Ray-Ban brand, the Ray-Ban Trademarks, and the incalculable goodwill associated therewith.

32. Defendants' knowing and deliberate hijacking of Luxottica Group's famous marks, and advertising and sale of the Counterfeit Merchandise has caused, and continues to cause, substantial and irreparable harm to Luxottica Group's goodwill and reputation. In addition, the damage caused by Defendants is especially severe because the Counterfeit Merchandise is cheap and inferior in quality to products bearing authentic Ray-Ban Trademarks.

33. Luxottica Group seeks damages as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Luxottica Group's Ray-Ban Trademarks.

## COUNT I
### (15 U.S.C. § 1114)
### (Trademark Infringement – Krish Corp. and Patel)

34. Luxottica Group repeats and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

35. This is a trademark infringement action against Defendant Krish Corp. and Patel based on their unauthorized use in commerce of counterfeit imitations of one or more of Luxottica Group's Ray-Ban Trademarks.

36. Defendants have promoted, advertised, offered for sale and sold products bearing counterfeits of one or more of Luxottica Group's Ray-Ban Trademarks without Luxottica Group's permission and without any compensation to Luxottica Group.

37. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group.

38. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

39. Through their unlawful actions, Defendants have also been unjustly enriched at the expense of Luxottica Group.

40. Defendants Krish Cop. and Patel have directly and willfully infringed Luxottica Group's Ray-Ban Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II
### (15 U.S.C. § 1114)
### (Trademark Infringement – Krish 2 and Patel)

41. Luxottica Group repeats and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

42. This is a trademark infringement action against Defendants Krish 2 and Patel based on their unauthorized use in commerce of counterfeit imitations of one or more of Luxottica Group's Ray-Ban Trademarks.

43. Defendants have promoted, advertised, offered for sale and sold products bearing counterfeits of one or more of Luxottica Group's Ray-Ban Trademarks without Luxottica Group's permission and without any compensation to Luxottica Group.

44. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group.

45. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

46. Through their unlawful actions, Defendants have also been unjustly enriched at the expense of Luxottica Group.

47. Defendants Krish 2 and Patel have directly and willfully infringed Luxottica Group's Ray-Ban Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, Luxottica Group S.p.A. respectfully requests that this Court enter judgment in its favor and against Defendants Krish Corporation, Krish 2 Corp. and E-Z Telecomm Corporation and Krishnakant Patel, as follows:

A. Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114);

B. Awarding Luxottica Group statutory damages for trademark infringement in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117(c));

C.  Awarding Luxottica Group such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group requests a trial by jury in this matter.

Dated this 11th day of February 2026.

Respectfully submitted,

*/s/ Daniel N. Smith*
Daniel N. Smith (BBO# 668943)
**NEW ENGLAND PATENT & TRADEMARK**
301 Edgewater Place, Suite 100
Wakefield, MA 01880
Ph: 978.882.0160
Fax: 978.882.0161
Email: smith@patentstrademarklaw.com

-and-

David B. Rosemberg (Fla. Bar. 0582239)
(*pro hac vice motion to be filed*)
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
Ph: 305.602.2008
Fax: 305.602.0225
Email: david@rosemberglaw.com

*Counsel for Luxottica Group S.p.A.*

4925-7244-8141, v. 1